1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (IL Bar No. 6221983)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois  60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
JULIA C. MEZA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| JULIA C. MEZA, on behalf of herself and all others similarly situated,<br><br>                                    Plaintiff,<br>   v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC, a Delaware limited liability company; HUNT & HENRIQUES, a general partnership; MICHAEL SCOTT HUNT, individually and in his official capacity; JANALIE ANN HENRIQUES, individually and in her official capacity; ANTHONY J. DIPIERO, individually and in his official capacity;<br><br>                                    Defendants. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq*. |

Plaintiff, JULIA C. MEZA, on behalf of herself and all others similarly situated (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations

which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I.  INTRODUCTION

1.    This is a consumer class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.  Plaintiff, JULIA C. MEZA, on behalf of herself and all persons similarly situated, seeks declaratory judgment and statutory damages against Defendants arising from their routine practice of using Declarations in Lieu of Personal Testimony at Trial, pursuant to California Code of Civil Procedure § 98, like the one sent to Plaintiff, which falsely state or imply that the declarant for Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, is present and personally available for service of process within 150 miles of the courthouse where the collection action is pending.

## II.  JURISDICTION

2.    Subject matter jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, and 15 U.S.C. §1692k(d).  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III.  VENUE

4.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

**IV.  INTRADISTRICT ASSIGNMENT**

5.    This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

**V.  PARTIES**

6.    Plaintiff, JULIA C. MEZA, is a natural person residing in San Mateo County, California.  At all times material hereto, Plaintiff and each member of the class she seeks to represent, were and are each a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

7.    Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("PORTFOLIO"), is a Delaware limited liability company engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502. PORTFOLIO may be served as follows: Portfolio Recovery Associates, LLC, c/o National Registered Agents Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904.  The principal business of PORTFOLIO is the collection of defaulted consumer debts using the mails and telephone and PORTFOLIO regularly attempts to collect defaulted consumer debts alleged to be originally due another.  PORTFOLIO is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). PORTFOLIO routinely uses and sends Declarations in Lieu of Personal Testimony at Trial, pursuant to California Code of Civil Procedure § 98, in the form sent to Plaintiff, which falsely state or imply that the declarant for PORTFOLIO is present and personally available for service of process within 150 miles of the courthouse where the collection action is pending.

8.    Defendant, HUNT & HENRIQUES (hereinafter "H&H"), is a general partnership engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 151 Bernal Road, Suite 8, San Jose, California  95119-1306.  H&H may be served

as follows: Hunt & Henriques, c/o Michael Scott Hunt, General Partner, 151 Bernal Road, Suite 8, San Jose, California 95119-1306 and as follows: Hunt & Henriques, c/o Michael Scott Hunt, General Partner, 151 Bernal Road, Suite 8, San Jose, California 95119-1306.  The principal business of H&H is the collection of defaulted consumer debts using the mails and telephone, and H&H regularly attempts to collect defaulted consumer debts alleged to be due another.  H&H is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

9.    Defendant, MICHAEL SCOTT HUNT (hereinafter "HUNT"), is a natural person and licensed attorney in the state of California, and is or was a general partner of H&H at all relevant times.  HUNT may be served at his current business address at: Michael Scott Hunt, Hunt & Henriques, 151 Bernal Road, Suite 8, San Jose, California  95119-1306.   The principal purpose of HUNT's business is the collection of defaulted consumer debts due or alleged to be due another.  HUNT is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone, and internet.  HUNT is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).  Plaintiff is informed and believes, and thereon alleges that HUNT is liable for the acts of H&H because he is a general partner of H&H, he sets and approves H&H's collection policies, practices, procedures, and he directed and participated in the unlawful activities described herein.

10.    Defendant, JANALIE ANN HENRIQUES (hereinafter "HENRIQUES"), is a natural person and licensed attorney in the state of California, and is or was a general partner of H&H at all relevant times.  HENRIQUES may be served at her current business address at: Janalie Ann Henriques, Hunt & Henriques, 151 Bernal Road, Suite 8, San Jose, California  95119-1306.   The principal purpose of HENRIQUES' business is the collection of defaulted consumer debts due or

alleged to be due another. HENRIQUES is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone, and internet. HENRIQUES is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Plaintiff is informed and believes, and thereon alleges that HENRIQUES is liable for the acts of H&H because she is a general partner of H&H, she sets and approves H&H's collection policies, practices, procedures, and she directed and participated in the unlawful activities described herein.

11. Defendant, ANTHONY J. DIPIERO (hereinafter "DIPIERO"), is a natural person and licensed attorney in the state of California, and is or was an employee and/or agent of H&H at all relevant times. DIPIERO may be served at his current business address at: Anthony J. Dipiero, Hunt & Henriques, 151 Bernal Road, Suite 8, San Jose, California 95119-1306. The principal purpose of DIPIERO's business is the collection of defaulted consumer debts due or alleged to be due another. DIPIERO is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone, and internet. DIPIERO is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Plaintiff is informed and believes, and thereon alleges that DIPIERO is liable to Plaintiff and the class because he directed and participated in the unlawful activities described herein.

12. At all relevant times alleged in this Complaint, each Defendant has committed the acts, caused others to commit the acts, ratified the commission of the acts, or permitted others to commit the acts alleged in this Complaint and has made, caused, ratified, or permitted others to make, the untrue or misleading statements alleged in this Complaint. Whenever reference is made in this Complaint to any act of Defendants, such allegation shall mean that each Defendant acted individually

and jointly with the other Defendants.

## VI.  FACTUAL ALLEGATIONS

13.    On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation, namely a consumer credit account issued by Wells Fargo Bank, N.A. (hereinafter "the debt").  The debt was incurred primarily for personal, family, or household purposes (*e.g.* purchase of clothing, groceries, gasoline, etc.) and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

14.    Plaintiff is informed and believes, and thereon alleges, that sometime after she defaulted on her consumer credit account with Wells Fargo Bank, N.A., the defaulted debt was sold, assigned, or otherwise transferred from Wells Fargo Bank, N.A., to PORTFOLIO, either directly or through a series of intermediate assignees.  Plaintiff is informed and believes, and thereon alleges, that Wells Fargo Bank, N.A., retained no interest in Plaintiff's defaulted account after the sale, assignment, and transfer of the debt to PORTFOLIO.

15.    Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to her, the debt was consigned, placed, or otherwise assigned to H&H by PORTFOLIO for the purposes of collection from Plaintiff.

16.    On or about November 22, 2010, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, San Mateo County captioned *Portfolio Recovery Associates, LLC v. Julia Meza*, Case No. CLJ500834 (hereinafter the "state court action") which sought to collect the defaulted consumer debt from Plaintiff.

17.    Thereafter, on or about April 11, 2014, Defendants sent a document titled Declaration of Plaintiff in Lieu of Personal Testimony at Trial (CCP § 98) directly to Plaintiff.  A true and accurate copy of the Declaration of Plaintiff in Lieu of Personal Testimony at Trial (CCP § 98) is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

18.     Plaintiff is informed and believes, and thereon alleges, that the <u>Declaration of Plaintiff in Lieu of Personal Testimony at Trial (CCP § 98)</u> was drafted by HUNT and DIPIERO, approved and ratified by HUNT, HENRIQUES, and DIPIERO on behalf of H&H, and signed by Colby Eyre, a PORTFOLIO employee, on behalf of PORTFOLIO.

19.     As a result of the <u>Declaration of Plaintiff in Lieu of Personal Testimony at Trial (CCP § 98)</u>, Plaintiff was required to engage legal counsel to represent her, thereby incurring actual damages in the form of attorney fees and costs.[1]

20.     The <u>Declaration of Plaintiff in Lieu of Personal Testimony at Trial (CCP § 98)</u> (Exhibit "1") states in relevant part as follows:

> Pursuant to CCP § 98 this affiant is available for service of process: c/o Hunt & Henriques, 151 Bernal Road, Suite 8, San Jose, CA 95119 for a reasonable period of time, during the twenty days immediately prior to trial.

21.     Thereafter at Defendants' request, on or about May 19, 2014, the Clerk of the Superior Court issued a <u>Clerk's Notice of Court Trial</u> which set the state court action for trial on July 23, 2014, at 9:00 a.m.  The <u>Clerk's Notice of Court Trial</u> set the "place of trial" to be the Hall of Justice and Records, 400 County Center, Redwood City, California 94063.  A true and accurate copy of the <u>Clerk's Notice of Court Trial</u> is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

22.     Plaintiff is informed and believes, and thereon alleges, that Defendants' declarant, Colby Eyre, was not reasonably available for service of process at 151 Bernal Road, Suite 8, San Jose, California 95119, between July 3, 2014, and July 22, 2014, as stated in Defendants' <u>Declaration of Plaintiff in Lieu of Personal Testimony at Trial (CCP § 98)</u> (Exhibit "1").

---

[1] *See*, *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005) (the attorney fees and cost incurred defending a state court lawsuit are properly awarded as actual damages under 15 U.S.C. § 1692k(a)(1), and not under 15 U.S.C. § 1692k(a)(3)); *Lowe v. Elite Recovery Solutions L.P.*, 2008 U.S. Dist. LEXIS 8353, at *9 (E.D. Cal. Feb. 4, 2008) (awarding attorney fees court costs incurred defending state court action as actual damages under 15 U.S.C. § 1692k).

23.    California Code of Civil Procedure § 98 provides as follows:

A party may, in lieu of presenting direct testimony, offer the prepared testimony of relevant witnesses in the form of affidavits or declarations under penalty of perjury.  The prepared testimony may include, but need not be limited to, the opinions of expert witnesses, and testimony which authenticates documentary evidence.  To the extent the contents of the prepared testimony would have been admissible were the witness to testify orally thereto, the prepared testimony shall be received as evidence in the case, provided that either of the following applies:

(a)  *A copy has been served on the party against whom it is offered at least 30 days prior to the trial, together with a current address of the affiant that is within 150 miles of the place of trial, and the affiant is available for service of process at that place for a reasonable period of time, during the 20 days immediately prior to trial.*

(b)    The statement is in the form of all or part of a deposition in the case, and the party against whom it is offered had an opportunity to participate in the deposition.

The court shall determine whether the affidavit or declaration shall be read into the record in lieu of oral testimony or admitted as a documentary exhibit.[2]

24.    Plaintiff is informed and believes, and thereon alleges, that the principal office of Colby Eyre is located more than 150 miles from the Redwood City, California courthouse.

25.    Plaintiff is informed and believes, and thereon alleges, that the residence of Colby Eyre is located more than 150 miles from the Redwood City, California courthouse.

26.    Plaintiff was unaware that a Declaration in Lieu of Personal Testimony at Trial, pursuant to California Code of Civil Procedure § 98, like the document she received from Defendants, is invalid where the declarant signor is located more than 150 miles from the place of trial.[3]

27.    The least sophisticated consumer is unaware that a Declaration in Lieu of Personal

---

[2]  California Code of Civil Procedure § 98 (emphasis added).
[3]  See, *Target National Bank v. Rocha*, 216 Cal. App. 4th Supp. 1, 7 (Cal. Super. Ct. 2013) ("As a condition to receipt of testimony by declaration, it must be shown that either (a) the affiant is available for service of process within 150 miles of the place of trial, or (b) the affiant has been deposed and the declaration is in the form of the deposition testimony.").

Testimony at Trial pursuant to California Code of Civil Procedure § 98 is invalid where the declarant signor is located more than 150 miles from the place of trial.

28.    Defendants' use of the <u>Declaration of Plaintiff in Lieu of Personal Testimony at Trial (CCP § 98)</u> (Exhibit "1") is invalid where the declarant signor is located more than 150 miles from the place of trial, and thus was and is false, misleading, and unconscionable.

29.    Plaintiff is informed and believes, and thereon alleges, that Defendants, HUNT, HENRIQUES, and DIPIERO, personally designed, implemented, directed, and supervised the collection practices and policies of H&H, including the use of Declarations in Lieu of Personal Testimony at Trial, pursuant to California Code of Civil Procedure § 98, where the declarant signor is known to reside and work more than 150 miles from the courthouse where the collection suit is pending.

**VII.  DEFENDANTS' ROUTINE PRACTICES**

30.    It is the standard practice and policy of Defendants to use Declarations in Lieu of Personal Testimony at Trial in the form of Exhibit "1" which falsely represent or imply that the declarant signor is personally available for service of process within 150 miles of the place of trial.

**VIII.  CLASS ALLEGATIONS**

31.    Plaintiff brings this action on behalf of a class of all other persons similarly situated, pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

32.    Plaintiff tentatively defines the class as (i) all persons residing in California (ii) who were served by Defendants with a Declaration in Lieu of Personal Testimony at Trial, pursuant to California Code of Civil Procedure § 98 (iii) where the declarant was located more than 150 miles from the courthouse where the collection lawsuit was pending (iv) in an attempt to collect a past due account alleged to be due PORTFOLIO (v) regarding a debt incurred for personal, family, or household

purposes (as shown by Defendants' records or the records of the original creditor) (vi) during the period beginning one year prior to the date of filing this matter through the date of class certification.

33.     The class is so numerous that joinder of all members is impractical.    On information and belief, Declaration of Plaintiff in Lieu of Personal Testimony at Trial (CCP § 98) documents in the form of Exhibit "1" have been sent to hundreds or thousands of California class members.

34.     There are questions of law and fact common to the class, which questions predominate over any questions peculiar to individual class members.   The common questions include:

a.      Whether Defendants' use of Declarations in Lieu of Personal Testimony at Trial, pursuant to California Code of Civil Procedure § 98, where the declarant is located more than 150 miles from the place of trial violates the FDCPA.

35.     There are no individual questions of law or fact, other than whether a class member was sent an offending Declaration in Lieu of Personal Testimony at Trial, which can be determined by ministerial inspection of Defendants' records.

36.     Plaintiff's claims are typical of the class members in that she alleges the same claims asserted on behalf of the class as a whole.

37.     Plaintiff will fairly and adequately represent and protect the interest of the class members.   Plaintiff is committed to vigorously litigating this matter.   Plaintiff has retained counsel experienced in handling class claims and litigation brought pursuant to the FDCPA.   Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this claim. Plaintiff and her counsel will vigorously pursue this matter.

38.     Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

39.     Prosecution of separate actions by individual class members creates risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

40.     Prosecution of separate actions by individual members of the class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendants who are expected to oppose the class.

41.     Questions of law and fact common to the class members predominate over any questions affecting only individual members, and a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the class will be effective and appropriate for the entire class; all members of the class have a right to damages or other relief which may be readily computed in each case or otherwise readily determined.

42.     Many of the persons with whom Defendants have dealt, or who were affected by their activities, may not be aware of their rights, or are not in a financial position to assert such rights readily.   Because relegation of their claims to individual actions would result in an unreasonable multiplicity of lawsuits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

43.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Classwide damages are essential to induce Defendants to comply with state and Federal law.  The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damage award on an individual case is $1,000 for violation of the FDCPA.  Management of these class claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., for securities fraud.

44.     Defendants have acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate.

45.     Plaintiff requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## IX.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

46.     On behalf of herself and the class she seeks to represent, Plaintiff brings the first claim for relief against all Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

47.     Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

48.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

49.     Defendant, PORTFOLIO, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

50.     Defendant, H&H, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

51.     Defendant, HUNT, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

52.     Defendant, HENRIQUES, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

53.     Defendant, DIPIERO, is a "debt collector" as that term is defined by the FDCPA,

15 U.S.C. § 1692a(6).

54.     The financial obligation owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

55.     Defendants' use of Declarations in Lieu of Personal Testimony at Trial, pursuant to California Code of Civil Procedure § 98, where the declarant is located more than 150 miles from the place of trial, violates 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

56.     Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

57.     As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs, and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## X.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)   Assume jurisdiction in this proceeding;

b)   Certify this litigation to proceed as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3);

c)   Declare that Defendants' use of Declarations in Lieu of Personal Testimony at Trial, pursuant to California Code of Civil Procedure § 98, where the declarant is located more than 150 miles from the place of trial, violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f;

d)   Award the class members the maximum amount of actual damages available, pursuant to 15 U.S.C. § 1692k(a)(2);

e)   Award Plaintiff and the class members the maximum amount of statutory damages available, pursuant to 15 U.S.C. § 1692k(a)(2);

f)   Award Plaintiff the costs of this action and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and

g)   Award Plaintiff and the class such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

Dated:  August 1, 2014

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (IL Bar No. 6221983)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois  60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
JULIA C. MEZA

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JULIA C. MEZA, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

CLASS ACTION COMPLAINT