**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIA C. MEZA,<br><br>           Plaintiff-Appellant,<br><br>   v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC; HUNT & HENRIQUES, a general partnership; MICHAEL SCOTT HUNT; JANALIE ANN HENRIQUES; ANTHONY J. DIPIERO,<br><br>           Defendants-Appellees. | No.    15-16900<br><br>D.C. No. 5:14-cv-03486-LHK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Argued and Submitted May 15, 2017
Withdrawn from Submission June 22, 2017
Resubmitted March 11, 2019
San Francisco, California

Before:  W. FLETCHER and TALLMAN, Circuit Judges, and HUCK,[**] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

Plaintiff-Appellant Julia Meza appeals from the district court's summary judgment order dismissing her class-action claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, against Defendant-Appellees Portfolio Recovery Associates ("PRA") and Hunt & Henriques (together with PRA, "Appellees").  We have jurisdiction under 28 U.S.C. § 1291.  We vacate and remand for further proceedings.

Meza alleged that Appellees filed a declaration in state court as part of a debt-collection action that did not comport with California Code of Civil Procedure § 98 ("Section 98") because the signatory did not live or work within 150 miles of the relevant county courthouse where the trial would have occurred.  She argued that violation of state law was in turn a false or misleading statement that violated the FDCPA.  The district court granted summary judgment for Appellees holding that they had not run afoul of Section 98, and thus had not violated the FDCPA.

On June 22, 2017, we certified the question concerning the interpretation of Section 98 to the California Supreme Court.[1]  On August 23, 2017, the California Supreme Court accepted the question, and on February 15, 2019, it published an

---

[1] The certified question was:

> Under § 98(a) of the California Code of Civil Procedure, must the affiant be physically located and personally available for service of process at the address provided in the declaration that is within 150 miles of the place of trial?

opinion disagreeing with the district court's interpretation of Section 98. The California Supreme Court held that "Section 98(a) requires an affiant to provide an address within 150 miles of the place of trial at which lawful service can be made of a form of process that directs the affiant to attend trial." *Meza v. Portfolio Recovery Assocs., LLC*, No. S242799, 2019 WL 641517, *12 (Cal. Feb. 15, 2019).

We now apply the California Supreme Court's answer to this case: Appellees' declaration did not comport with Section 98 under the circumstances.

Appellees did make additional arguments to the district court in support of their motion for summary judgment that the district court did not address—namely that even if the declaration technically violated Section 98, it did not constitute a materially false or misleading statement under the FDCPA. Appellees made similar arguments to us in their briefing. However, rather than address the arguments for the first time on appeal, we remand to the district court on an open record so that it can fully evaluate them. The district court may conduct whatever proceedings it deems appropriate in light of the California Supreme Court's opinion.

**VACATED AND REMANDED.** Each party shall bear its own costs.